FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02357-BNB

RONALD J. MANCIL-BEECHER,

    Applicant,

v.

UNITED STATES OF AMERICA,
U.S. MARSHAL SERVICE, and
FEDERAL BUREAU OF PRISONS,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Ronald J. Mancil-Beecher, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Correctional Facility in Sterling, Colorado. Acting *pro se*, Applicant filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a federal detainer. The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

As part of the preliminary consideration of the Application, Magistrate Judge Boyd N. Boland directed Respondent U.S. Marshal Service to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. On behalf of the Marshal Service, the United States Attorney filed a Preliminary Response and stated that no federal detainer had been lodged against

Applicant. Magistrate Judge Boland then entered an order directing Kevin Milyard, the warden of the correctional facility where Applicant is incarcerated, to file a Preliminary Response and address the affirmative defenses of exhaustion of administrative remedies.

Respondent Milyard responded that although Applicant has remedies available to address the federal detainer he has not filed a DOC grievance or brought a claim in the state courts regarding the detainer. (Preliminary Resp. (Doc. No. 17) at 1.) In an Affidavit attached to the Response, the Step 3 Grievance Officer for the DOC, Mr. DeCesaro, states that an inmate may file a grievance to challenge an incorrect or "expired" detainer in his file and ask that it be removed. (Preliminary Resp., Aff. (Doc. No. 17-1) at 2.) Mr. DeCesaro further states there is no record that Applicant filed a Step 3 grievance challenging an invalid or expired federal detainer. (*Id.*) Respondent Milyard also contends Applicant has state court remedies available to address an improper detainer. (*Id.*)

Applicant replied that the DOC administrative procedure does not apply to this matter because he is challenging a federal detainer and that prison staff told him he must resolve the issue with the U.S. Marshal Service. (Reply (Doc. No. 18) at 1.)

As stated above by the United States Attorney, the Marshal Service has not lodged a detainer with the DOC. Also, Applicant attached a copy of an order entered by the United States District Court for the Northern District of Indiana on June 2, 2010, in Case Nos. 97-cr-00144 and 149, that states the Northern District of Indiana has not placed a hold on Applicant. (Doc. No. 2 at 8.) Furthermore, the Court has searched PACER, Public Assess to Court Electronic Records, under the first name, Ronald J., or

Ronald, and the last name, Beecher, Mancil, or Mancil-Beecher, but found no outstanding warrant in any of the listed criminal cases that may pertain to Applicant.

The Court also notes that the only cases Applicant refers to in his Application are Case Nos. 97-cr-00144 and 149 in the Northern District of Indiana. The Detainer Notice (Doc. No. 2 at 10) and the DOC computer printout for the detainer (Doc. No. 14 at 3) identify Case No. 92-cr-00353 for the basis of a detainer. The Court further notes that PACER does not list any combination of the above searched names as a defendant in any federal criminal case identified as 92-cr-00353.

Although Applicant asserts his case manager told him that he must address the detainer with the U.S. Marshal Service, he does not state that he tried to file a DOC grievance regarding the detainer but was not allowed to do so. Based on Warden Milyard's Preliminary Response, Applicant has DOC and state court remedies available to him to challenge the detainer that has been filed against him. Applicant is required to exhaust state court or administrative remedies he has available, or allege that such exhaustion would be futile. *See Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006) (requirement to exhaust extends to the exhaustion of administrative remedies); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Applicant has not exhausted his remedies or demonstrated futility.

The Court will dismiss the action for failure to exhaust available administrative or state court remedies and refrain at this time from addressing the merits of Applicant's claims and any relief he may request. Accordingly, it is

ORDERED that the 28 U.S.C. § 2241 Application is denied and the action is dismissed without prejudice for failure to exhaust administrative and/or available state

3

court remedies. It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __11th__ day of ___March_____, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02357-BNB

Ronald J. Mancil-Beecher
Prisoner No. 150948
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 11, 2011

                                          GREGORY C. LANGHAM, CLERK

                              By: _____
                                          Deputy Clerk